IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PONTELL BRYANT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BARBARA EARLING, et al.,<br><br>　　　　　Defendants. | Civil Action<br>No. 18-0623 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Pontell Bryant, Plaintiff Pro Se
#552782/311381-C
Northern State Prison
PO Box 2300
168 Frontage Road
Newark, New Jersey 07114

**SIMANDLE, U.S. District Judge:**

## I. INTRODUCTION

Before the Court is Plaintiff Pontell Bryant's ("Plaintiff") submission of a civil rights complaint pursuant to 42 U.S.C. § 1983. Complaint, Docket Entry 1. At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set

forth below, the Court concludes the complaint shall proceed in part.

**II. BACKGROUND**

Plaintiff alleges Senior Officer Barbara Earling "intentionally destroyed noncontraband property" that had been confiscated during a search of his cell at South Woods State Prison ("SWSP") on March 12, 2017.[1] Complaint at 6. He further alleges she threatened him with physical violence for filing grievances. Plaintiff asserts SWSP Administrator Willie Bonds and Superintendent Kippie Langford witnessed Officer Earling's destruction of Plaintiff's property but did not intervene or stop her misconduct. *Id.* at 7. Plaintiff also alleges that he has been subjected to retaliatory disciplinary proceedings and misconduct reports since he began filing grievances about defendants' actions. He asserts unnamed officers destroyed his television, and defendants replaced it with a new television. *Id.*

**III. STANDARD OF REVIEW**

**A. Standards for a Sua Sponte Dismissal**

This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(b) because Plaintiff is proceeding *in forma pauperis*. The Court must dismiss any claim

---

[1] Plaintiff is presently confined in Northern State Prison.

that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007)

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

(following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## IV. ANALYSIS

### A. Deprivation of Property

Plaintiff asserts Officer Earling deprived him of his property in violation of the Eighth and Fourteenth Amendments. As this claim is legally flawed, it will be dismissed with prejudice.

Plaintiff's claim that Officer Earling intentionally deprived him of his property is barred if there is an adequate post-deprivation remedy available to him. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 421–22 (3d Cir. 2000). Plaintiff "cannot prevail on his due process claim if the state's post-deprivation procedures, including state tort remedies, are adequate." *Revell v. Port Auth. of New York, New Jersey*, 598 F.3d 128, 139 (3d Cir. 2010). "[P]ost-deprivation remedies do not satisfy the Due Process Clause if the deprivation of property is accomplished pursuant to established state procedure rather than through random, unauthorized action." *Stokes v. Lanigan*, No. 12-1478, 2012 WL 4662487, at *4 (D.N.J. Oct. 2, 2012) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982)).

Plaintiff does not allege Officer Earling acted pursuant to official state procedure. He instead alleges the destruction was an act of retaliation for pursuing remedies through the prison grievance system. Complaint at 6. He indicates he filed a

5

property claim against SWSP. *Id.* ¶ 5. Therefore, there was an adequate post-deprivation remedy available to him. *See also* N.J. Ct. R. 2:2-3(a)(2) (providing for review in the New Jersey Superior Court Appellate Division of final agency decisions). As Plaintiff cannot cure this legal deficiency, the federal Due Process claim shall be dismissed with prejudice. *Toney v. Sassaman*, 588 F. App'x 108, 110 (3d Cir. 2015) (per curiam) (affirming District Court's dismissing deprivation of property claim with prejudice as it was "legally flawed").

**B. Verbal Harassment**

Plaintiff also alleges defendants have consistently verbally harassed him. "Verbal harassment of a prisoner, although distasteful, does not violate the Eighth Amendment." *Washington v. Rozich*, No. 18-1027, 2018 WL 2446659, at *2 (3d Cir. May 31, 2018) (non-precedential) (citing *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)). Plaintiff has failed to state an Eighth Amendment claim based on verbal harassment, and the Court will dismiss the verbal harassment claims with prejudice.

**C. Retaliation**

Plaintiff further alleges Officer Earling destroyed his property as an act of retaliation. He also alleges defendants have retaliated against him for filing grievances by filing false misconduct reports against him.

To state a First Amendment retaliation claim, Plaintiff must plead facts suggesting: (1) he engaged in constitutionally protected conduct; (2) an adverse action was taken against him by prison officials sufficient to deter him from exercising his constitutional rights; and (3) there was a causal link between the exercise of his constitutional rights and the adverse action taken against him. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).

"'[G]overnment actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right.'" *Allah v. Seiverling*, 229 F.3d 220, 224-25 (3d Cir. 2000) (quoting (*Thaddeus-X v. Blatter*, 175 F.3d 378, 386 (6th Cir. 1999) (en banc)) (alteration in original). Therefore, Plaintiff may have a claim under the First Amendment if Officer Earling had a retaliatory motive even if he does not have a constitutional claim for the destruction of his property.

Construing the complaint liberally and giving Plaintiff the benefit of all reasonable inferences, he has sufficiently alleged retaliation claims against defendants. The act of filing grievances in prison is a constitutionally protected activity. *See Mack v. Warden Loretto FCI*, 839 F.3d 286, 300 (3d Cir. 2016) (noting retaliating against prisoner for filing grievances, oral

7

or written, is unlawful). Plaintiff alleged Officer Earling threatened him on March 9, 2017 for filing grievances, and three days later she confiscated and destroyed his property. After he began filing grievances about the destruction, defendants began filing misconduct reports. Taking Plaintiff's allegations as true for purposes of this review, it is plausible that this unusually suggestive timeframe sufficiently alleges retaliation was a motive. The Court will permit the retaliation claim to proceed against all defendants.

**D. Failure to Intervene**

Plaintiff finally alleges Administrator Bond and Superintendent Langford witnessed Officer Earling destroy his property but did not "correct this misconduct." Complaint at 7. To plead a failure to intervene claim, Plaintiff must plead facts indicating that: (1) the officer failed or refused to intervene when a constitutional violation took place in his presence or with his knowledge; and (2) there was a "realistic and reasonable opportunity to intervene." *Smith v. Mensinger*, 293 F.3d 641, 650–51 (3d Cir. 2002). Construing the complaint liberally and giving Plaintiff the benefit of all reasonable inferences, he has sufficiently alleged a failure to intervene claim against Administrator Bond and Superintendent Langford as Plaintiff has alleged facts indicating they were aware of Officer Earling's unconstitutional, retaliatory actions but did

not act to stop her while witnessing those actions and having a reasonable opportunity to intervene.

## V. CONCLUSION

For the reasons stated above, Plaintiff's claims for deprivation of property and verbal harassment are dismissed with prejudice for failure to state a claim. Plaintiff's retaliation and failure to intervene claims shall be permitted to proceed. The Court makes no determination as to the truth of any matters discussed herein.

An appropriate order follows.


**July 23, 2018**                  **s/ Jerome B. Simandle**
Date                                JEROME B. SIMANDLE
                                      U.S. District Judge